**RESOLUTION TRUST CORPORATION,**
Petitioner,

v.

**KPMG PEAT MARWICK, Respondent.**

Misc. No. 91–0326.

United States District Court,
District of Columbia.

Dec. 11, 1991.

**3**

Suzanne Rigby and John H. Kerns, James Topinka, Pettit & Martin, Washington, D.C., for petitioner.

Robert A. McLean, Alan C. Geolot and Michael D. Warden, Sidley & Austin, Washington, D.C., for respondent.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

This case comes before the Court on Petitioner, Resolution Trust Corporation's ("RTC"), motion to enforce four administrative subpoenas *duces tecum.* These four subpoenas directed Respondent, KPMG Peat Marwick ("Peat Marwick"), an accounting firm, to produce documents in furtherance of several RTC investigations. Peat Marwick raises no objection to the RTC's subpoena demands as they relate to the individual investigations for which the materials are subpoenaed. Peat Marwick's sole concern is that the materials which they produce will be used by the RTC in investigations other than those for which they were requested. Peat Marwick argues that such a "mix and match" approach deprives them of any opportunity to question the RTC's power to subpoena documents as they relate to those other investigations. The RTC responds that in order to allow effective enforcement practices, the Court should not limit the use of materials obtained as a result of administrative subpoenas enforced by a court.

This Court believes that both Peat Marwick and the RTC have legitimate concerns. Were the RTC's position to be adopted, that agency could simply issue one subpoena and then make use of the material obtained pursuant to that subpoena in any respect even an improper one. While the threshold for obtaining information by an agency from a person being investigated is not high, it is clear that there are certain requirements which must be met. *See United States v. Morton Salt Co.,* 338 U.S. 632, 652, 70 S.Ct. 357, 368, 94 L.Ed. 401 (1950) (agency must have authority, demand must not be too indefinite, and information sought must be reasonably relevant to the investigation). If a government agency is permitted to use material properly subpoenaed in one matter, in any other matter without limit, that would defeat any ability of either the party producing the material or the court to ever question the agency's jurisdiction in that other matter.

The RTC responds, however, that placing restraints on the agency's use of investigative material will prevent the agency from carrying out its important, Congressionally mandated enforcement mission. The RTC cites *FTC v. Texaco,* 555 F.2d 862 (D.C.Cir.1977) (*en banc*), as standing for the proposition that a court should not become overly involved in the inner workings of an agency investigatory process. That proposition is undisputed. It is equally true, however, that *FTC* recognizes that some limits may be placed by a court on an agency's use of *court* process, since in all these instances it is the court's process that compels the respondent to comply with these administrative demands.

*See FTC,* 555 F.2d at 884 (limiting use of documents outside agency). When an agency itself has established rules and practices regarding procedures for using subpoenaed materials, a court of course can hold the agency to compliance with its own rules, practices and procedures.

This Court understands the need for broad RTC subpoena power. It also believes, however, that where the processes of the Court are involved, there must be opportunity for the Court to satisfy itself that the agency's power will be properly used.

■ This Court will grant the RTC's motion to enforce the four administrative subpoenas *duces tecum* but will do so by issuing a separate order in each particular investigation with use of the material obtained pursuant to subpoena limited to the requirements imposed by statute, or established agency rule or practice. If the RTC believes that records obtained in one investigation are relevant to another investigation but the use of the materials in that investigation is beyond those legal requirements, the RTC must then issue process for those materials in that other investigation.

*Peat Marwick's Request that the Court Order RTC to Construct a Fire Wall*

■ While Peat Marwick seeks to have this Court issue a protective order forcing the RTC to set up an internal fire wall and thereby limit access to the information subpoenaed to only those agency employees working on the particular investigation, this Court does not believe such a restriction would be appropriate or prudent.

Indeed, such a restriction could unduly hamper the RTC in the discharge of its mission. The RTC must have the ability to employ its human resources in the most efficient way it sees fit. An agency cannot be placed in a straight jacket. There may be an appropriate occasion where, pursuant to agency rule or practice, information obtained in one investigation may become pertinent to another agency investigation or other legitimate agency activity: i.e. an appropriate agency rule making proceeding or agency study.

This Court will order enforcement of the subpoenas in each particular case. It will be presumed by the Court that the agency will use the materials obtained by Court order in connection with the investigation in which those materials were subpoenaed. Any other use will have to be pursuant to statute, a valid agency rule or practice, a new subpoena, or further order of this Court. Moreover, the agency will not be constrained in any way from sharing the information it has received with the Department of Justice or any other government agency where such sharing is permitted under RTC rules or the rules of the Department of Justice or such other agency.

The clear order of the Court is that absent statute, agency rule or practice to the contrary, the RTC will be limited in its use of the materials obtained to the particular investigation for which the subpoena was issued. The agency must be sensitive that its utilization of compulsory process does not confer on it a roving commission under which it obtains records for a proper purpose and then utilizes that information in any way it sees fit, even for an unauthorized purpose. That would be too broad a mandate. There must be some limits on the utilization of such information. So long as the agency is carrying out a legitimate agency purpose, pursuant to statute, agency rule or otherwise, it will not be limited in its use of the subpoenaed information. It is only when an agency uses such information without any legitimate object or purpose, that it will run afoul of this Court's implementing order. This Court will retain jurisdiction to issue such other implementing orders as may be appropriate.